Kottmyer, J.
The facts which led to this case are described in this Court’s June 29, 1998 Memorandum and Order on Plaintiffs Motion for Summary Judgment [8 Mass. L. Rptr. 662). The Court granted summary judgment in favor of plaintiff, Robert L. Nile on Counts I through IV declaring that Arthur Nile, Sr. had breached contractual obligations to plaintiff (1) by failing to keep in full force and effect until his death a will which devised and bequeathed two thirds of his estate to the children of his marriage to Florence Nile; and (2) by transferring substantially all of his assets to the Dawn Trust before his death. To remedy the breach, the Court imposed a constructive trust on two thirds of the assets of the Dawn Trust as of the date of death of Arthur Nile, Sr., less taxes, expenses of administration and distributions made to Robert Nile with interest adjusted accordingly (the “Constructive Trust”). On July 14, 1998, judgment entered.
Thereafter, plaintiff Robert Nile filed a Motion for Entry of Final Judgment, Defendant First NH Investment Service Corp. filed a Cross-Motion For Reconsideration and Clarification and Defendant Dorothy Nile a Motion to Alter or Amend Judgment. After hearing and after reviewing the motions and memoranda in support thereof and in opposition thereto, the motions are denied except as follows:
A. Allocation Between Marital and Family Trust
As of May 11, 1995, the assets of the Dawn Trust (less expenses of administration) were transferred to two sub trusts, the Dawn Marital Trust (the “Marital Trust”) and the Arthur W. Nile Family Trust (the “Family Trust”), in accordance with the following allocation based on values as of the date of Arthur W. Nile’s death on July 12, 1994: Marital Trust — 87.075% and Family Trust — 12.925%. The Constructive Trust equals two thirds of the value of the assets as of the date of Arthur Nile’s death less estate taxes generated by this ruling and expenses of administration, $13,914.20. Of that two thirds, 87.075% has been in the Marital Trust and 12.925% in the Family Trust since May 11, 1995.
As of the date of Arthur Nile’s death, the trustees held the corpus of the Constructive Trust for the benefit of Robert Nile. He is therefore not entitled to statutory interest, but is entitled to investment returns earned by the assets of the Constructive Trust during the period of the Constructive Trust.[2]
B. Expenses of Administration
1. Management Fees: There shall be deducted from the assets of the Marital Trust which are subject to the Constructive Trust a proportionate share of the management fees incurred by the independent trustee of the Marital Trust managing the trust and investing the assets of the trust.[3]
2. Legal Fees: Substantial legal fees were incurred by Robert Nile and by the Trustees in this action and in various proceedings in the New Hampshire Probate *289 Court. There shall be deducted from the assets of the Marital Trust which are subject to the Constructive Trust a proportionate share of legal fees incurred in connection with the preservation and/or investment of trust assets, e.g., legal fees incurred by the Trust in connection with Dorothy Nile’s attempt to remove the independent trustee and in connection with the Trust’s petition for approval for authority to convert equities into Treasury Securities. To the extent that legal services benefitted both the Marital and Family Trusts, e.g., legal advice regarding the allocation of assets between the Marital Trust and the Family Trust, the assets of the Constructive Trust shall bear a proportionate share of those fees. Legal fees incurred by the trustees in defending this litigation shall not be deducted from assets subject to the Constructive Trust.
3. Determination of Total Allowable Fees: As stated above, the Constructive Trust shall pay a proportionate share of certain of the management and legal fees incurred by the independent trustee. The total management and legal fees used to determine the proportionate share which the independent trustee is entitled to receive from the Constructive Trust shall be as allowed by the New Hampshire Probate Court absent agreement between First New Hampshire and the plaintiff.
C.Election by Robert Nile
Distributions made to Robert Nile shall be deducted from those assets of the Constructive Trust which are in the Family Trust and corresponding adjustments to investment returns shall be made. Robert Nile has waived any rights he may have to future distributions from the Family Trust. The provisions of the Family Trust are not otherwise affected by this judgment.
D.Distribution to Robert Nile
The Court orders that the Trustees not delay payment of the assets of the Constructive Trust to Robert Nile until determination of any estate taxes due and of management and legal fees due to First New Hampshire from the Constructive Trust as provided in this ruling, but that First New Hampshire withhold from such payment and place in an interest bearing escrow account sufficient funds to pay the Constructive Trust’s proportionate share of any such estate taxes, and of management and legal fees as set forth herein. After determination and payment of the Constructive Trust’s proportionate share of any such taxes and of management and legal fees, the balance, if any, of the escrow account shall be paid to Robert Nile.
AMENDED JUDGMENT
It is ORDERED, DECLARED and ADJUDGED as follows on Counts I through VI of plaintiffs complaint:
A.The Court declares that Arthur W. Nile, Sr. breached Clause Five of the Settlement Agreement by failing to keep in full force and effect until his death a will which devised and bequeathed two thirds of his estate to the children of his marriage to Florence Nile;
B. The Court declares that Arthur W. Nile, Sr. breached the covenant of good faith and fair dealing by transferring substantially all his assets to the Dawn Trust;
C. The Court declares that the Trustees of the Dawn Trust hold two thirds of the trust assets as of the date of Arthur Nile’s death less expenses of administration and any estate taxes in trust for Robert Nile individually and that such assets were distributed to the Dawn Marital Trust and Arthur W. Nile Family Trust subject to this constructive trust.
D. The Trustees of the Dawn Trust are ordered to transfer to Robert Nile two thirds of the assets of the Dawn Trust less expenses of administration and any taxes of which 87.075% shall be derived from the Marital Trust and 12.925% from the Family Trust, together with investment returns thereon, less the Constructive Trust’s proportionate share of management and legal fees.
E.Counts V and VI of the complaint are dismissed.

The investment returns earned by assets of the Constructive Trust shall be a percentage of total investment returns of the Marital or Family Trust equal to the ratio of the assets of that trust which are subject to the Constructive Trust to the total assets of the trust in question. In the case of the Family Trust, the ratio from which the percentage is derived shall be adjusted over time to account for distributions made to Robert Nile.

Proportionate share means a percentage equal to the ratio of the assets of the Marital Trust subject to the Constructive Trust to total assets of the Marital Trust.

 The plaintiff also moved to strike affidavits of Dorothy M. Nile and Susan H. Parigian dated July 2 and July 8, 1998. That motion is allowed.